# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                      Case No.  6:06-cr-207-Orl-19KRS

**THEP SOUKSANOM**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 277)** |
| **FILED:** | **July 16, 2007** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

A party to an action in a district court who desires to proceed on appeal *in forma pauperis* must file in the district court a motion for leave so to proceed, together with an affidavit, showing in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which that party intends to present on appeal.  Fed. R. App. P. 24 (a).  An appeal may not be taken *in forma pauperis* if the district court certifies in writing that it is not taken in good faith, or finds that the party is otherwise not entitled to proceed *in forma pauperis*.  28 U.S.C. § 1915 (a) (1996); Fed. R. App. P. 24 (a).

In this case, Defendant Souksanom filed the required affidavit, which reflects that he is a pauper. As such, he would be permitted to appeal *in forma pauperis* unless the Court concludes that the appeal is not taken in good faith.

The Judgment in a Criminal Case reflects that the Court found the sentencing guideline range for Defendant Souksanom to be 70 to 87 months imprisonment. The Court sentenced Defendant Souksanom to the low end of that range, that is 70 months imprisonment. Doc. No. 244. The issue that Defendant Souksanom wishes to appeal is that the "court failed to adjust role for offense, I am entitled to a mitigating role reduction as requested." Doc. No. 277.

Defendant Souksanom pleaded guilty pursuant to a plea agreement. In the plea agreement, Defendant Souksanom agreed that he was giving up his right to appeal except if the sentence exceeded the guideline range as determined by the Court pursuant to the sentencing guidelines, the sentence exceeded the statutory maximum penalty, the sentence violated the Eighth Amendment to the Constitution, or the government appealed the sentence. The issue Defendant Souksanom wishes to appeal does not fall within any of the categories with respect to which he reserved the right to appeal. Nevertheless, the United States Court of Appeals for the Eleventh Circuit has held that it must review *de novo* whether a waiver of the right to appeal was valid. *See, e.g., United States v. Gray*, 214 Fed. Appx. 920 (11th Cir. 2007). Accordingly, it appears that this appeal is taken in good faith.

**DONE** and **ORDERED** in Orlando, Florida on this 17th day of July, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States Attorney

Counsel for Defendant